[Cite as *State v. Johnson*, 2022-Ohio-4389.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | |
| | | Nos. 111369 and 111371 |
| v. | : | |
| JOHN JOHNSON, JR., | : | |
| Defendant-Appellee. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 8, 2022

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case Nos. CR-20-652410-A and CR-20-652412-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellee.*

ANITA LASTER MAYS, J.:

{¶ 1} Plaintiff-appellant, state of Ohio ("the state"), appeals the trial court's decision to not impose an indefinite sentence on defendant-appellee, John Johnson,

Jr. ("Johnson"), ruling that S.B. 201 ("Reagan Tokes Law") is unconstitutional. We reverse the trial court's decision and remand to the trial court for resentencing in accordance with the law.

## I.    Facts and Procedural History

{¶ 2}    In Cuyahoga C.P. No. CR-20-652410-A, Johnson pleaded guilty to amended Count 2, felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(2), with a one-year firearm specification; and having weapons while under disability, a third-degree felony, in violation of R.C. 2923.13(A)(3). The remaining counts were nolled. On amended Count 2, the trial court imposed a sentence of two years plus the one-year mandatory firearm specification. The trial court also imposed a two-year sentence for having weapons while under disability to be served concurrently to Count 2 but consecutively to the one-year section for a total of three years. This sentence was ordered to be served consecutively to Cuyahoga C.P. No. CR-20-652412-A.

{¶ 3}    In Cuyahoga C.P. No. CR-20-652412-A, Johnson pleaded guilty to an amended Count 1, trafficking offense, a second-degree felony, in violation of R.C. 2925.03(A)(2); drug possession, a fifth-degree felony, in violation of R.C. 2925.11(A); and having weapons while under disability, a third-degree felony, in violation of R.C. 2923.13(A)(2). Forfeiture specifications were attached on each charge. All remaining counts were nolled. The trial court sentenced Johnson on Count 1 to a mandatory two-year term of imprisonment on the trafficking count; a

one-year term of imprisonment on the drug possession count; and a two-year term of imprisonment for having weapons while under disability. All years to run concurrent to one another but consecutive to CR-20-652410-A. The trial court imposed a total term of 5 years imprisonment.

{¶ 4} In each case, the trial court stated,

[I]n sentencing defendant, in regard to the Regan (sic) Tokes Law, this court finds the indefinite sentencing to be unconstitutional according to the Court of Common Pleas Hamilton County, OH: Hamilton C.P. No. B 1903562, *State of Ohio v. William O'Neal*, Judge Tom Heekin (11/20/2019).

Journal entry No. 122006358 (Mar. 21, 2022). The state contends that Johnson's felonious assault conviction and trafficking offense conviction required an indefinite sentence.

{¶ 5} The state filed an appeal and assigns one error for our review.

1. The trial court plainly erred when it found S.B. 201 to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201.

## II. Reagan Tokes Law

{¶ 6} In the state's sole assignment of error, they argue that the trial court erred by not sentencing Johnson to an indefinite sentence in accordance with the Reagan Tokes Law. In the trial court's journal entry, the trial court stated:

Furthermore, in sentencing defendant, in regard to the Regan (sic) Tokes Law, this court finds the indefinite sentencing to be unconstitutional according to Court of Common Pleas Hamilton County, OH: Case No. B 1903562; State of Ohio V. William O'Neal; Judge Tom Heekin (11/20/2019).

Journal entry No. 122006358 (Mar. 21, 2022).

{¶ 7} This court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), overruled the trial court's claims that the Reagan Tokes Law is unconstitutional. Therefore, we are constrained to find that Johnson's sentence is in contradiction to the Reagan Tokes Law. The state's assignment of error is sustained. The sentences imposed by the trial court are reversed, and the cases are remanded for resentencing in accordance with the Reagan Tokes Law.

{¶ 8} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

SEAN A. GALLAGHER, A.J., and
EILEEN A. GALLAGHER, J., CONCUR

N.B.: Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist.

Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, J., concurring in part and dissenting in part).